IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERALD EDMOND PABST, § | | |
| #10021970-3MW3, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-2285-P-BH |
| § | | |
| C. WAYNE HUFF, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner, a state prisoner presently incarcerated at the Dallas County Jail on a bench warrant, filed his *pro se* "Writ of Mandamus" requesting the removal of his court-appointed attorney from his state criminal case. (Doc. #1.)

In 1986, Petitioner and Clay Reed Chabot were indicted for the murder. *State v. Pabst*, No. F07-00899 (Crim. Dist. No. 7, Dallas County 2008), *affirmed*, 2010 WL 965742, at *1, No. 05-08-01347-CR (Tex. App., Dallas 2010, pet. ref'd.) (mem. op., not designated for publication). Following Petitioner's testimony, Chabot was convicted of murder, and Petitioner's indictment was dismissed on the State's motion. *Id.* In 2007, after DNA testing indicated that Petitioner was a probable contributor to the murder but that Chabot was not, Petitioner was indicted for and convicted of capital murder. *Id.* The trial court assessed a mandatory sentence of life imprisonment, and the court of appeals affirmed his conviction. *Id.* On December 6, 2010, Chabot pled guilty to first degree murder, and the court assessed punishment at twenty-two

years' imprisonment.  *State v. Chabot*, No. F86-98639 (Crim. Dist. Court No. 7, Dallas County, 2010).

In the petition for writ of mandamus, Petitioner requests the removal of Attorney Huff from his capital murder case.  Petitioner claims Huff was "woefully ineffective at both" the trial and appeal stages of his criminal case, and he "does not want in any way shape or form, C. Wayne Huff to aid in any advisory capacity in the trial of the alleged co-defendant," for which Petitioner was recently "bench warranted back to Dallas, as [a] material witness . . . ."  (Doc. #1.)

Since the filing of his petition, Petitioner has subsequently submitted a "Motion for Certiorari", received November 12, 2010 (doc. 2); a "Motion to Vacate Judgement on the 5th 6th and 1th Amendment Constitutional Violations", received December 1, 2010 (doc. 4); a "Motion in Arrest of Judgement" challenging his underlying criminal conviction, received December 1, 2010 (doc. 5); a "Motion for New Trial by the Extraordinary Mandamus before the U.S. District Court", received December 16, 2010 (doc. 6); "Extraordinary Writ to Appoint Counsel Based upon Ineffective Assistance of Counsel, received December 16, 2010 (doc. 7); and "Addendum to Aid Motion", received December 23, 2010 (doc. 8).  In these filings, Petitioner seeks to challenge his capital murder conviction on constitutional grounds, and he asserts ineffective assistance of counsel at trial and on appeal as well as various double jeopardy, confrontation clause, and due process issues.

## II.  ANALYSIS

Petitioner's mandamus petition is subject to screening under 28 U.S.C. § 1915A(b).  That statute provides for *sua sponte* dismissal if the Court finds that the complaint (1) is frivolous or

malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

**A.     Mandamus Relief**

Petitioner requests the removal of C. Wayne Huff his court appointed attorney from any involvement in his capital murder case. His request appears directed to the state courts.

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under this section, the Court may only compel federal actors or agencies to act. This Court lacks "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup.Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Section 1361 grants no jurisdiction to this Court to dictate action by state courts, their judicial officers, or other court personnel. This Court is therefore without power to order the state courts to remove Petitioner's court appointed attorney from his capital murder case. Consequently, the petition for writ of mandamus lacks an arguable basis in law and should be

dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

**B.     Habeas Relief**

To the extent that Petitioner seeks to challenge his capital murder conviction on constitutional grounds, he can do so only in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254. A state prisoner must exhaust all available state court remedies before a federal court will consider his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. While he unsuccessfully appealed his conviction and sought discretionary review, he has not exhausted his state habeas corpus remedies with respect to any of the claims not presented on direct appeal. *See* Tex. Code

Crim. Proc. art. 11.07. Accordingly, to the extent Petitioner seek habeas relief, his request should be dismissed without prejudice to his right to re-file after exhausting his state court remedies.[1]

### III. RECOMMENDATION

Petitioner's request for mandamus relief should be **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. § 1915A(b)(1). His request for habeas corpus relief should be **DISMISSED** without prejudice for failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b) and (c), and his motions should be **DENIED**.

The Clerk should be ordered to **OPEN** a new habeas corpus action on the basis of documents 2, 4-8 (NOS 530, assigned to the same District Judge and Magistrate Judge as this case), and to file copies of those documents, this recommendation, and the Court's orders in that case, and to immediately **CLOSE** it on the basis of the District Court's order.

SIGNED on this 23rd day of December, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] The 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to any petition that he may file in this court.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE